## MOORE et al. v. WINNSBORO GRAIN & GROCERY CO. et al.

### No. 1390—5996.

Commission of Appeals of Texas, Section B.

June 24, 1933.

W. D. Suiter, of Winnsboro, Jones & Jones, of Mineola, and Elbert M. Barron, of Sherman, for plaintiffs in error.

J. H. Beavers, of Longview, and R. B. Howell, of Winnsboro, for defendants in error.

SHORT, Presiding Judge.

The application for writ of error in this case was granted by the Supreme Court on the first assignment of error, to the effect that the Court of Civil Appeals erred in holding, as a matter of law, that the issue of a ratification of the acts of R. H. McCreary, one of the defendants in error, in executing a rental contract for the Winnsboro Grain & Grocery Company, the partnership name under which R. H. McCreary and another were conducting business, was not raised by any testimony adduced upon the trial of this cause, the suit having been instituted by the plaintiffs in error against said company, a partnership composed of R. H. McCreary and J. E. Southerland, and against the partners individually. The case was tried to a jury, and after the introduction of the testimony, the court instructed the jury in favor of the plaintiffs in error against the defendants in error, for the sum of $1,332.95. The defendants in error, the partnership above mentioned, appealed to the Court of Civil Appeals at Texarkana, where the judgment was reversed in so far as it allowed plaintiffs in error a recovery on the written contracts they sued on, and judgment was rendered by the Court of Civil Appeals denying plaintiffs in error a recovery of anything on said contracts. The judgment of the trial court was in all other respects affirmed by the Court of Civil Appeals. 36 S.W.(2d) 781.

According to the facts found by the Court of Civil Appeals, and in all material respects conceded to be correct, this was a suit for rents of two buildings, one for $45 a month and the other for $55 a month, based upon two written instruments, dated October 31, 1925, signed "Winnsboro Grain & Grocery Company, by R. H. McCreary," in which, according to the recitations in said instruments, the company, a partnership composed of R. H. McCreary and J. E. Southerland, agreed to occupy two buildings for three years commencing January 1, 1926, and to pay for one $45 a month, and for the other $55 a month. At the time these written instruments were apparently executed, only one of these buildings was in existence, the one carrying the rental of $45 per month. The other was erected between October 31, 1925, and January 1, 1926. C. W. Moore and Will Wilson were the owners of the building already in existence. Will Wilson was the owner of the lot upon which the other building was afterwards erected. J. E. Southerland was the exclusive manager of the business of the company. Wilson's building was erected in pursuance of oral negotiations had with both McCreary and Southerland, and McCreary furnished Wilson the money with which to erect this building, and it was stipulated in one of the instruments that McCreary was to receive from the company all of the $55 rental due on his building, and one-half of the rental due on the building owned by him and Moore. The building having been completed on January 1, 1926, the company took possession of both buildings, and continued to occupy them for seventeen months, paying to McCreary $77.50 per month, and to Moore $22.50 per month. However, at some time after January 1, 1926, the ownership of these buildings passed into the plaintiffs in error, and the rentals which had been paid to C. W. Moore apparently were paid to the new owners, but since that time R. H. McCreary continued to receive the $77.50 per month, which was credited on the amount that Will Wilson owed him for advancing the money to him with which the building on his lot was constructed. One of these instruments of writing dealt with the building owned by C. W. Moore and Will Wilson; the other one dealt only with the building owned by Will Wilson, which was the building constructed after the instruments were executed. Wilson had the written instruments prepared, and after he and Moore had signed the same, Wilson then presented them to R. H. McCreary, the partner of Southerland, for execution on behalf of the firm. McCreary signed each as heretofore stated. After occupying the two buildings for about seventeen months, paying the rents as heretofore stated, the company moved their stock of groceries out of the buildings and abandoned their use.

After quoting some of the testimony with reference to the circumstances and conditions under which these two contracts were executed, the Court of Civil Appeals finds as a fact that the delivery of the written contracts was a conditional one, the condition being that before the instruments should become effective as contracts, they must be signed by Southerland, who never did sign, but on the contrary refused to do so, in consequence of which there was no delivery. However, it appears that the instruments of writing were in the possession of the plaintiffs in error, who received them from Will Wilson and C. W. Moore, one or both, without notice that R. H. McCreary and J. E. Southerland claimed that there had been no delivery, and that these instruments did not represent a genuine transaction.

The Court of Civil Appeals held that the trial court erred in instructing the verdict in favor of the plaintiffs in error, and further held that there was no legitimate testimony to support the claim of the plaintiffs in error for any sum of money due as rent to them as the owners of the two buildings from the partnership, and rendered a judgment that the plaintiffs in error take nothing by reason of their claim.

J. E. Southerland, as manager of the affairs of the company, gave as the reason for removing the goods of the company to another place, after using the property for about seventeen months and paying the rent as heretofore stated, that the Wilson building had been so improperly constructed that when the rains came damage was done to the property of the company by water being permitted to flow into it, and the company filed a cross-action for damages occasioned by this water flowing into the building on account of its improper construction. The plaintiffs in error interposed a plea of limitation of two years to this cross-action, and the court sustained this plea. The company had not presented any application for writ of error, and mention is only made of this fact as a circumstance having relation to the reason given for the abandonment of the two buildings at the time the company abandoned them. Nor is there any pleading or testimony with reference to whether the owners of these buildings had any beneficial use of them after the company had abandoned their occupancy up to the time the three years expired, during which time the plaintiffs in error claim the company was under obligation to use and pay for the use of them.

The position of the plaintiffs in error, as presented in their application for writ of error, is that the defendants in error, that is to say, both Southerland and McCreary, even though there had been no absolute delivery of the two contracts, yet by taking possession of the buildings on the date when they were authorized to do so by the written contracts and by paying as rents, the respective amounts to the respective parties, which by the terms of the written instrument they were obligated to do, ratified the contracts evidenced by these instruments, and became estopped from denying their genuineness. The Supreme Court, in granting the application for the writ of error, reached the conclusion there was sufficient testimony, supported by sufficient pleading, in the record to raise the issue of ratification and estoppel, and that the Court of Civil Appeals was in error after setting aside the judgment in favor of the plaintiffs in error rendered upon an instructed verdict, and rendering a judgment that the plaintiffs in error take nothing by reason of their claim.

In harmony with this contention of the plaintiffs in error, they, in their reply to the cross-action filed by the defendants in error, setting up their claim that the two instruments of writing had not been delivered, as well as their plea in recontravention for damages, alleged: "That the defendants accepted all the terms and conditions of said written contract, acted thereon and acquiesced therein, the defendant, R. H. McCreary collecting the amount which was agreed on in said written contract to be paid to him

from said rents, and that said defendants are now estopped from denying the existence of said written contract and are bound by the terms thereof, they having occupied said building, under the terms of said contract, and they having in every manner and respect acquiesced in and accepted the terms of said written contract."

The Court of Civil Appeals, in its opinion, declared that they had "found no evidence in the record of anything appellants said and no evidence of anything they did, unless it was their taking possession of and using the buildings, tending to establish an estoppel against them." The Court of Civil Appeals then concluded that the plaintiffs in error having sued on a written contract, and there being no evidence in the opinion of the Court of Civil Appeals to sustain this written contract, they reversed the judgment of the trial court and rendered a judgment that the plaintiffs in error take nothing by their suit. We have examined the statement of facts in this case and have reached the conclusion that the testimony establishes, without contradiction, the plea of estoppel quoted above. It is true that the defendants in error have testified, in effect, that the instruments of writing were never delivered, legally speaking, but they also testified, in effect, that they took possession of the buildings on the very date they were authorized to do, by the terms of the written instrument; that they paid the rents in the exact amounts called for by these instruments and in the respective amounts to the respective parties, according to the terms of these instruments, not only for the first eleven months after they took possession, but when the title to the buildings passed to other parties they continued for seven months thereafter to hold possession of these buildings and to pay these amounts, strictly in accordance with the terms of these instruments. They do not claim that they ever had any other agreement by virtue of the terms of which they acquired possession of these buildings, nor by virtue of which they continued to hold possession of them, nor by virtue of which they paid these rents in these respective amounts to these respective parties. So we have concluded that the testimony is undisputed that regardless of whether there was any original delivery of the written instruments, the conduct of the defendants in error is such that, as a matter of law, they became bound to pay, as rents for the use of these buildings, the respective amounts due for the term mentioned in the instrument, which was three years, and having paid these rents for a part of these three years and having refused to pay them any longer, the trial court was authorized, as it did, to instruct the jury to find, for the owner of these buildings, the amount due on the unpaid rents.

The defense of the claim for damages by the defendants in error was barred by the

statute of limitation of two years (Rev. St. 1925, art. 5526), at the time it was filed and no complaint was made about the action of the court in sustaining the objection to consideration of this claim, on the ground that it was barred by the statute of limitation of two years at the time it was filed. The record being in this condition with reference to this claim, the action of the Court of Civil Appeals as to it was correct.

We recommend that the judgment of the Court of Civil Appeals be reversed in so far as it applies to the claim of the plaintiffs in error for rent and that the judgment of the trial court in that respect be affirmed. We further recommend that in all other respects the judgment of the trial court and of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is in part reversed, and that of the trial court affirmed; in all other respects, the judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.